WHITE, Judge.
Plaintiff James Cornwall brings this interlocutory appeal to review an order dismissing his second amended complaint in equity. The plaintiff sought to have co-defendant First Federal Savings and Loan Association declared constructive trustee of a sum of money and to require said defendant to pay that sum over to the plaintiff.
The complaint alleges that plaintiff attended certain free health lectures of one John Moore pursuant to advertisements in the Fort Lauderdale News; that John Moore introduced defendant Albert J. Loquasto as a business associate; that at one of these meetings plaintiff purchased k “tenderizer” from Loquasto for which he paid $231.80; and a few days thereafter plaintiff entered into an agreement with Loquasto to purchase an exclusive distributorship for $4,380.00; that $300.00 was paid in cash and the balance of $4,080.00 was to be paid upon receipt of the merchandise.
Several days later Lbquasto allegedly informed plaintiff that the balance was due and that the merchandise was coming “for *678 sure” the following Monday and that unless the balance was paid plaintiff would forfeit the $300.00 down payment. Plaintiff thereupon obtained a draft from First Federal Savings and Loan Association, drawn on Broward National Bank of Fort Lauder-dale, in the amount of $4,080.00. It is alleged that Loquasto fraudulently procured the draft by suggesting that he would keep it until the merchandise arrived, at which time plaintiff would endorse the draft; that in reliance on this statement plaintiff delivered the unsigned draft to Loquasto; that at the next health lecture it was announced that Loquasto had gone to Pennsylvania on business. The plaintiff, suspecting fraud, stopped payment on the draft which on its face was to become “void after 90 days.”
The draft was presented to a Nazareth, Pennsylvania bank endorsed “James Corn-well for Deposit Only to the account of Abundant Living.” The drawee bank, Broward National Bank, dishonored the draft on an affidavit by plaintiff to the effect that the purported endorsement was a forgery. Exhibits disclose that the endorsement reads “James Cornzvell’’ whereas plaintiff’s name is “James Comwall" and the signature on the attached exhibits appears to differ substantially from the endorsement on the draft.
Loquasto allegedly refused to return the draft on request and defendant First Federal has refused to credit plaintiff’s account unless and until plaintiff surrenders the draft. Plaintiff’s attempts to recover the draft failed and the instant complaint was filed seeking, as stated, to have First Federal Savings and Loan Association declared constructive trustee for the plaintiff in the amount of $4,080.00.
It is contended on behalf of defendant Loquasto that the complaint is insufficient as to him in that it does not spell out the alleged exclusive distributorship contract and does not show in what respect it was breached by Loquasto; that it does not allege whether the merchandise was shipped by Loquasto or whether it was received by plaintiff according to the alleged agreement or whether any benefit received by plaintiff in exchange for the draft had been returned. Loquasto further submits that, from the standpoint of defendant First Federal, the complaint does not offer to furnish that institution a protective bond. Loquasto concludes that the plaintiff’s only remedy as against him would be action by way of replevin of the draft or for breach of contract.
Co-defendant First Federal points out that the complaint alleges no fraud on the part of First Federal but only as to Loquasto and that, in failing to allege the furnishing or tender of indemnity to First Federal, the plaintiff does not offer to do equity; and that in any event, if plaintiff has a cause of action it would not be against First Federal but against Loquasto in Pennsylvania where said defendant resides.
The amended complaint does not in fact state in what respect Loquasto failed to perform any contractual obligation on his part. Although the prayer includes a request for other and further relief, it does not ask for specific relief against Loquasto who allegedly has possession of the subject draft. Further, the complaint does not allege the furnishing or tender of indemnity to First Federal to which the latter defendant would be entitled for its protection in the event the relief prayed by plaintiff should be granted. The complaint, in short, purports to allege fraudulent acts on the part of Loquasto but prays for relief, without offer of indemnity, against defendant First Federal with respect to which institution no fraud or overreaching is alleged. In these circumstances the chancellor did not err in dismissing the complaint as failing to allege a justiciable case in equity.
Affirmed.
KANNER, Acting C. J., and ALLEN, J., concur.